IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01207-BNB

SIRRLOVE R. WILLIAMS, living breathing man,

    Plaintiff,

v.

Q. MARY, Assistant Warden,
PAUL K. PATSY, Head of Programs,
KELLY LEHMAN, Unit Manager,
ELISHAA JUAREZ, Unit Manager,
KURT HAMMEL, Investigator,
MS. MAINE, P.P.M.U.,
JOHN DOE, D.O.C. Director,
CARLA FARACI, Head Case Manager, and
BIRD KELLIE, Instructor,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Sirrlove Reese Williams, was a prisoner in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado, when he filed *pro se* on June 3, 2014, a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 10) for money damages and injunctive relief. He later informed the Court that he had been transferred to the Four Mile Correctional Center. *See* ECF No. 15 at 2. On July 2, 2014, Mr. Williams was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. ECF No. 13.

    After initial review of the Prisoner Complaint, the Court issued an order on July 3, 2014 (ECF No. 14), directing Plaintiff to file an amended Prisoner Complaint on the

Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted the personal participation of each named Defendant. On July 24, 2014, Mr. Williams filed an amended Prisoner Complaint (ECF No. 15).

On October 7, 2014, the Court entered an order directing Mr. Williams to show cause within thirty days why the July 2 order granting him leave to proceed *in forma pauperis* status should not be revoked pursuant to 28 U.S.C. § 1915(g) because, on three or more prior occasions, he has brought an action while incarcerated that was dismissed on the grounds that it failed to state a claim upon which relief may be granted. *See Williams v. Laber*, No. 09-cv-00886-ZLW (D. Colo. May 29, 2009) (ECF No. 10) (dismissed in part as legally frivolous and in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37 (1971)); *Williams v. City & County of Denver*, No. 10-cv-02177-MSK-KLM (D. Colo. Sept. 16, 2011) (ECF No. 25) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim); and *Williams v. Laber*, No. 10-cv-02798-ZLW (D. Colo. Mar. 11, 2011) (ECF No. 12) (dismissed pursuant to *Heck*). Each of these dismissals qualifies as a "strike" under 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011).

Mr. Williams alleged that he was in imminent danger of serious physical injury because "staff have create a hostil [sic] invironment [sic] where inmate [sic] are assualted [sic] almost daily." *See* ECF No.11 at 2. In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). To fall within the exception, Mr. Williams' pleadings must contain "specific fact allegations of ongoing

serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Mr. Williams did not assert facts in the Prisoner Complaint he originally filed on June 3 or the amended Prisoner Complaint he filed on July 24 that set forth a claim of current, ongoing, serious physical injury to him or likelihood of imminent serious physical injury to him.

The Court, therefore, found that Mr. Williams had initiated three or more actions that count as "strikes" pursuant to 28 U.S.C. § 1915(g) and that he was not under imminent danger of serious physical injury.  The October 7 order to show cause informed him that pursuant to § 1915(g) he should be precluded from bringing the instant action *in forma pauperis*, and directed him to show cause within thirty days why the July 2 order granting him leave to proceed pursuant to § 1915 should not be vacated and his *in forma pauperis* status revoked.

The copy of the October 7 order mailed to Mr. Williams was returned to the Court on October 14, 2014, as undeliverable because Mr. Williams had been paroled.  *See* ECF No. 17.  Mr. Williams has failed to show cause as directed, file a notice of change of address, or otherwise communicate with the Court in any way.  Therefore, the amended Prisoner Complaint and the action will be dismissed without prejudice for failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Williams files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 15) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Sirrlove Williams, to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Williams at his last known address.

DATED November 13, 2014, at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court